UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAM AHDOOT, and BRANDON CLARK, on behalf of themselves and all others similarly situated, and the general public,<br><br>     Plaintiff,<br><br>vs.<br><br>Babolat VS North America, Inc., a Colorado Corporation and DOES 1 through 10, inclusive,<br><br>     Defendant | Case No.: CV13-02823 GAF (VBKx) Consolidated with CV13-7898 GAF (VBKx)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT STIPULATION AND AGREEMENT** |

WHEREAS, Plaintiffs Payam Ahdoot and Brandon Clark and Defendant

Babolat VS North America, Inc. have reached a proposed Settlement in the above

captioned matters as set forth in the Settlement Stipulation and Agreement

("Settlement Agreement") filed with this Court;

1

WHEREAS, Plaintiffs have filed a motion with this Court seeking preliminary approval of the proposed Settlement as set forth in the proposed Settlement Agreement;

WHEREAS, Plaintiffs have also filed a Stipulated Motion For Leave To File Second Amended Complaint;

NOW, THEREFORE, the Court, having reviewed and considered the Settlement Agreement, the exhibits thereto, and the Plaintiffs' motion for preliminary approval and supporting documents, and the Parties having consented to entry of this Order, IT IS HEREBY ORDERED:

1.     All terms in this Order shall have the same meaning as in the Settlement Agreement.

2.     The Court grants Plaintiffs' Stipulated Motion For Leave To File Second Amended Complaint.  Plaintiffs shall file the Second Amended Complaint on the date of this Order.

3.     Subject to further review by the Court at the Final Approval Hearing, the Court preliminarily approves the proposed Settlement as fair, reasonable, and adequate to the Settlement Class such that notice of the Settlement Agreement may be disseminated to the Settlement Class for consideration.

4.     For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of:

All Persons who purchased or purchases any of the following racquets for personal use and not for re-sale from January 1, 2009 to November 11, 2014, or, if the actual publication date of the November/December issue of Tennis Magazine containing the Short Form Publication Notice is later, to the actual date of first publication:  Pure Drive, Pure Drive +, Pure Drive 107, Pure Drive Roddick, Pure Drive + Roddick, Pure Drive Roddick Junior, Pure Drive Lite, Pure Drive French Open, Pure Drive Lite French Open, Pure Drive 260 French Open, Pure Drive Junior 26 French Open, Pure Drive Lite Pink, Pure Drive Wimbledon, Pure Drive Junior Wimbledon, Pure Drive Play, AeroPro Drive, AeroPro Drive +, AeroPro Drive Junior, AeroPro Team, AeroPro Lite, AeroPro Drive French Open, AeroPro Drive Junior French Open, AeroPro Lite French Open, AeroPro Team Wimbledon, Aero Storm, Aero Storm Tour, Pure Storm, Pure Storm Limited, Pure Storm Limited +, Pure Storm Tour, Pure Storm Tour +, Pure Storm Team, Pure Control, Pure Control Tour, Pure Control Tour +, Pure Control 95 and Pure Control 95 +. Specifically excluded from the Settlement Class are: (i)employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors, or assignees of Babolat; (ii) distributors, dealers, and retailers of Babolat racquets if the racquets were purchased for resale and not for personal use; and (iii) judges assigned to this Action and any members of their immediate families.

5.    The Court finds, for purpose of preliminarily approving the Settlement Agreement only and for no other purpose, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including the requirements of an ascertainable Settlement Class, numerosity of the Settlement Class, common questions of law or fact, typicality of the Class Representatives' claims to the claims of the Settlement Class, the predominance of common issues of law and fact and superiority of a class action to resolve the claims in the Action compared to alternative means.

6.    The Court appoints Payam Ahdoot and Brandon Clark as Class Representatives for the Settlement Class.  The Court appoints Hamner Law Offices, APC; the Olsen Law Offices, and Wootton Law Group, LLP as Class

Counsel for purposes of the Settlement.  The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent the interests of the Settlement Class.

7.      A Final Approval Hearing shall be held before this Court on [DATE] at [TIME]  in Courtroom 740 of the Roybal Federal Courthouse at 255 East Temple Street, Los Angeles, California 90012-3332 to consider and address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate to the Settlement Class and whether a Final Approval Order and Judgment be entered by the Court; and (b) whether Class Counsel's Fee and Cost Application (including incentive awards to Class Representatives) should be granted, in whole or in part.  Consideration of final approval of the Settlement shall be made separately from consideration of Class Counsel's Fee and Cost Application and the written orders thereon will be separate from each other.

8.      With the exception of Plaintiffs filing the Second Amended Complaint and proceedings related to final approval of the Settlement and consideration of Class Counsel's Fee and Cost Application, members of the Settlement Class are hereby enjoined from commencing or continuing any action or proceeding in any court or other tribunal asserting any claims encompassed by the Settlement Agreement unless the member of the Settlement Class files a valid and timely Request for Exclusion.

4

9.      The Court approves the form and the content of the Short Form and Long Form Publication Notices, substantially in the forms attached as Exhibits D and E, respectively, to the Settlement Agreement.

a.      The Short Form Publication Notice shall be published in the November/December 2014 issue of Tennis Magazine.

b.      A Settlement website shall be established with the internet address www.Babolatsettlement.com.  The Settlement website shall be operational on or before the first day the Short Form Publication Notice appears in Tennis Magazine. The Settlement website shall include the Short Form Publication Notice, the Long Form Publication Notice, the Claim Form, the Settlement Agreement (without exhibits), the Second Amended Complaint, and the Preliminary Approval Order.

c.      A banner advertisement regarding the settlement shall be published on the United States version of Babolat.com and the Internet website Tennis.com contemporaneously with the Short Form Publication Notice's first appearance in Tennis Magazine that shall contain a link to the Settlement website.

d.      No later than ten (10) days before the Final Approval Hearing, Class Counsel shall file a declaration of the Settlement Administrator affirming compliance with the notice requirements in (a)-(c) above.

10.     The Court finds that the provisions for notice to the Settlement Class set forth in Section IV of the Settlement Agreement are the best notice practicable

under the circumstances and shall constitute due and sufficient notice to the

Settlement Class of the terms of the Settlement Agreement and the Final Approval

Hearing and fully comply with the Federal Rules of Civil Procedure, the United

States Constitution and any other applicable law.

11.     The Court further finds that the notice to the Settlement Class set forth

in Section IV of the Settlement Agreement will adequately inform the Settlement

Class of their right to exclude themselves from the Settlement Agreement so as not

to be bound by its terms or to object to the Settlement Agreement and/or Class

Counsel's Fee and Cost Application.

12.     Any member of the Settlement Class who wants to be excluded from

the Settlement Class so that he or she is not bound by the Settlement Agreement

must submit a Request for Exclusion.  To be valid, a Request for Exclusion must:

(i) be submitted by a member of the Settlement Class; (ii) be submitted to the

Settlement Administrator by U.S. mail and postmarked by a date not later than

twenty-one (21) days before the Final Approval Hearing; (iii) contain the Person's

name, address and telephone number; and (iv) otherwise comply with the

instructions set forth in the Long Form Publication Notice.  The Request for

Exclusion must also identify the Qualifying Racquet(s) that the Person purchased,

the approximate date(s) on which the Qualifying Racquets were purchased, and

where the Qualifying Racquets were purchased.  The Request for Exclusion must

6

include the following statement: "I want to be excluded from the proposed Class Action Settlement in the Babolat lawsuit" and be signed by the Person submitting the Request for Exclusion.  No individual may request that other persons be excluded from the Settlement Class.

13.     Any member of the Settlement Class who submits a valid and timely Request for Exclusion shall not be entitled to receive any benefits under the Settlement Agreement, shall not be bound by the Settlement Agreement, including the release contained therein, and shall not be entitled to object to the Settlement and appear at the Final Approval Hearing.

14.     Not later than ten (10) days before the Final Approval Hearing, Class Counsel shall file a report from the Settlement Administrator stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such Persons.

15.     Any Settlement Class Member wishing to object to or oppose the final approval of the Settlement and/or Class Counsel's Fee and Cost Application shall file a written objection (with a statement of reasons) with the Court as prescribed in the Settlement Agreement and serve it on Babolat's Counsel and Class Counsel at least twenty-one (21) days before the Final Approval Hearing.  Any Settlement Class Member who files a timely written objection must appear, personally or through personal counsel, at the Final Approval Hearing and be prepared to make

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT STIPULATION AND AGREEMENT

argument in order to have the objection heard and considered by the Court. Any Settlement Class Member who fails to file a timely written objection and to appear at the Final Approval Hearing shall be foreclosed from making any objection to final approval of the Settlement Agreement and/or Class Counsel's Fee and Cost Application and shall have no right to file an appeal relating to the approval of the Settlement Agreement and any order by the Court relating to Class Counsel's Fee and Cost Application.

16.     Service of objections to final approval of the Settlement Agreement and/or the Class Counsel's Fee and Cost Application, as well as any other documents required to be served on counsel under the terms of the Settlement Agreement, shall be made as follows:  For Class Counsel, to Amy T. Wootton, HAMNER LAW OFFICES, APC, 555 West 5th Street, Los Angeles, CA 90013; For Babolat's Counsel, to Brent E. Johnson, Holland & Hart LLP, 222 South Main Street, Suite 2200, Salt Lake City, UT 84101.

17.     Class Representatives will file with the District Court their brief in support of final Settlement approval, in support of final certification of the Settlement Class, and in response to any objections at least seven (7) days before the Final Approval Hearing.

18.     If the proposed Settlement is not finally approved by the Court, or, in the event that the Settlement Agreement becomes null and void pursuant to its

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT STIPULATION AND AGREEMENT

terms, this Order and all orders entered in relation to the Settlement shall become null and void, shall have no force or effect, and shall not be used or referred to for any purposes whatsoever it this Action or in any other case or controversy.  In such event, the Settlement Agreement and all negotiations and proceedings related to it shall be deemed to be without prejudice to the rights of the Parties.  The Parties shall be restored to their respective positions as of the moment immediately preceding the execution of the Settlement Agreement.

19.     The Court may extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.  The Final Approval Hearing may be continued by the Court without notice to the Settlement Class.

IT IS SO ORDERED.

Dated: _____                    _____
                                     Honorable Gary A. Feess
                                     United States District Court Judge

9